IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| **HORNADY MANUFACTURING COMPANY, a Nebraska corporation,**<br><br>　　　　**Plaintiff,**<br><br>v.<br><br>**DOUBLE TAP AMMUNITION, INC., a Utah corporation,**<br><br>　　　　**Defendant.** | **MEMORANDUM DECISION AND ORDER**<br><br>**Case No. 2:11cv18**<br><br>**Chief District Judge Ted Stewart**<br><br>**Magistrate Judge Paul M. Warner** |

This matter was referred to Magistrate Judge Paul M. Warner by Chief District Judge Ted Stewart pursuant to 28 U.S.C. § 636(b)(1)(A).[1] Before the court are (1) Double Tap Ammunition, Inc.'s ("Double Tap") motion to compel discovery and for an extension of time to complete discovery;[2] (2) Double Tap's motion to stay;[3] (3) Double Tap's motion to expedite;[4] and (4) Hornady Manufacturing Company's ("Hornady") motion to strike untimely designation of expert witnesses.[5] The court has carefully reviewed the memoranda submitted by the parties.

---

[1] *See* docket no. 42.

[2] *See* docket no. 43.

[3] *See* docket no. 59.

[4] *See* docket no. 61.

[5] *See* docket no. 67.

Pursuant to civil rule 7-1(f) of the United States District Court for the District of Utah Rules of Practice, the court elects to determine the motions on the basis of the written memoranda and finds that oral argument would not be helpful or necessary.  *See* DUCivR 7-1(f).

## BACKGROUND

Hornady and Double Tap both sell ammunition for various types of firearms.  Hornady has registered its TAP trademark with the Patent and Trademark Office.  On January 5, 2011, Hornady filed this action alleging that Double Tap's use of "tap" in its name infringes on Hornady's TAP trademark.

On October 22, 2011, Double Tap filed a motion for summary judgment and argued that Hornady's trademark infringement claims were barred by the doctrine of laches.  Specifically, Double Tap argued that in September 2006, a representative of Hornady sent a cease and desist letter by email ("2006 Email") to Double Tap requesting that it cease using another Hornady trademark ("XTP mark") on its website at www.doubletapammo.com.  Double Tap asserted that based on the 2006 Email, as well as two previous encounters between representatives of both companies, Hornady knew no later than September 2006 that Double Tap was selling ammunition under the name Double Tap Ammunition and was thus barred from bringing the instant lawsuit.

In a December 15, 2011 memorandum decision and order, Chief Judge Stewart denied Double Tap's motion for summary judgment.  Specifically, the court held that because laches is a fact-intensive affirmative defense, the material facts are in dispute, and Double Tap failed to

meet its burden of production with regards to the 2006 Email, summary judgment was inappropriate.[6]

## Motion to Compel and Enlarge Discovery Period

On December 12, 2011, Double Tap served its first set of discovery requests on Hornady, to which Hornady responded on January 23, 2012.  Double Tap's interrogatories requested that Hornady identify all individuals at Hornady (1) "who before or on September 1, 2006 viewed Doubletap's website"; (2) "who sent, received or reviewed email between September 1, 2006 and December 31, 2007 related to Doubletap's use of the XTP mark"; and (3) "who on or after September 1, 2006 spoke via telephone with Mike McNett of Doubletap regarding the XTP mark."[7]  In addition, Double Tap's document requests sought production of documents related to communications between Hornady and Double Tap; Hornady's viewing of Double Tap's website; the sending, receiving, or reviewing of email by any Hornady representative related to Double Tap's use of the XTP mark; and the identification of any person at Hornady who spoke with Mike McNett of Double Tap regarding the XTP mark.  Double Tap also requested admissions regarding the 2006 Email and Double Tap's website.

In response, Hornady stated that it could not identify any individuals who had viewed Double Tap's website, nor could it identify any person who sent, received, or reviewed email during that time period related to Double Tap's use of the XTP mark.  Hornady also asserted that

---

[6] *See* docket no. 41.

[7] Docket no. 44, Exhibit 5 at 4.

it could not locate any documents that were responsive to Double Tap's requests regarding its use of the XTP mark.

In its motion to compel, Double Tap asserts that through its discovery requests, it has attempted to seek information as to the identity of the individual(s) who sent the 2006 Email on behalf of Hornady's president and that Horandy has refused Double Tap's follow up attempts to obtain that information. In particular, Double Tap argues that its

> [f]ollow up attempts to identify all potential persons which might be identified in payroll records for 2006 showing all employees as well as any contractor(s), a list of former Hornady employees or contractor who were associated with Hornady in the 2006 time frame, information about Hornady's email server and any backups of email for the Aug.-Oct. 2006 time frame, and a copy of Hornady's document retention policy and who at Hornady is responsible for compliance with it, Hornady refuses to provide the follow up information.[8]

In response, Hornady asserts that Double Tap has never propounded discovery requests encompassing the specific records set forth above and that Double Tap first requested these documents by telephone days before the fact discovery deadline. Hornady also contends that it "diligently investigated its records and the recollection of its employees on the matter and could not identify a single person with the specific knowledge requested [in the propounded discovery] . . . . Nor could Hornady locate any responsive documents."[9] Hornady further notes that Double Tap's narrow discovery requests do not ask for information regarding Hornady's employee rosters, payroll records, email servers, or document retention policy for the relevant time frame.

---

[8] Docket no. 44 at 1.

[9] Docket no. 45 at 7.

While Double Tap asserts that the information it now seeks "is at least a subset of Doubletap's discovery requests,"[10] the court is not persuaded by this argument. The original requests were very narrow seeking only the identification of individuals who may have been involved with the 2006 Email and any related documents. Double Tap could have requested that specific information prior to the expiration of the fact discovery deadline but chose not to do so. As such, Double Tap's motion to compel and enlarge the discovery period is **DENIED**.

Furthermore, the court cannot compel a party to produce evidence it does not have. In its memorandum in opposition to Double Tap's motion to compel, Hornady indicates that it "diligently investigated its records and the recollection of its employees on the matter and could not identify a single person with the specific knowledge requested[,] . . . [n]or could Hornady locate any responsive documents."[11] However, Hornady has not explained the methods it used to diligently investigate its records and question those employees about the 2006 Email. Accordingly, within twenty (20) days of the date of this order, Hornady shall provide an affidavit to Double Tap describing its method of investigating the events surrounding the 2006 Email.

## Motion to Stay and Motion to Expedite

On May 14, 2012, Double Tap filed a motion to stay ("Motion to Stay") the proceedings pending a ruling on its motion to compel and request to extend the discovery period by forty-five

---

[10] Docket no. 44 at 1.

[11] Docket no. 45 at 7.

days.[12]  Double Tap also filed a motion to expedite consideration of its Motion to Stay.[13]  Because the court has now denied Double Tap's motion to compel, the Motion to Stay is **DENIED** and the motion to expedite has been rendered **MOOT**.

## Motion to Strike Untimely Designation of Expert Witnesses

Hornady moves the court to strike Double Tap's designation of two expert witnesses.  Hornady asserts that the designation was untimely as the additional experts were disclosed after the February 15, 2012 deadline and that this untimely designation is prejudicial.

In response, Double Tap argues that its designation is not untimely because the court extended the deadline for initial expert reports until thirty days after Double Tap produced supplemental financial data to Hornady, with responsive reports due thirty days after service of the initial expert reports.[14]  Double Tap asserts that because footnote ii in the original scheduling order provides that "[a] party shall disclose the identity of each testifying expert and the subject of each such expert's testimony at least 60 days before the deadline for expert reports from that party,"[15] it was not required to identify its experts until May 31, 2012, notwithstanding the original scheduling order's expert disclosure deadline of February 15, 2012.  Double Tap concludes that because it disclosed its additional experts on May 15 and May 16, it was well in advance of the deadline.

---

[12] *See* docket no. 59.

[13] *See* docket no. 61.

[14] *See* docket no. 55.

[15] Docket no. 11.

Hornady contends that the deadline for identifying experts was not automatically extended by the footnote in the initial scheduling order.  Further, Hornady argues that it would be prejudiced because it is not prepared to pursue expert discovery regarding likelihood of confusion as Double Tap originally designated a damages expert only.  Hornady asserts that Double Tap's untimely designations will force it to revise its trial strategy and jeopardize the trial date of February 11, 2013.

The court concludes that, given a narrow reading of the scheduling order, Double Tap's additional expert designations were untimely.  However, because the trial is nearly five months from now and Double Tap has a pending motion to extend the dispositive motion deadline (which, if granted, would necessitate moving the trial date as well), Hornady has not demonstrated undue prejudice if Double Tap is allowed to designate and submit additional expert reports.  This is consistent with a search for the truth.  As such, Hornady's motion to strike is **DENIED**.  The parties may conduct any additional expert discovery related to Double Tap's designations until December 3, 2012.

## CONCLUSION

In summary, **IT IS HEREBY ORDERED** that:

(1) Double Tap's motion to compel discovery and enlarge the discovery period[16] is **DENIED**;

(2) Double Tap's motion to stay[17] is **DENIED**;

---

[16] *See* docket no. 43.

[17] *See* docket no. 59.

(3) Double Tap's motion to expedite[18] has been rendered **MOOT**; and

(4) Hornady's motion to strike untimely designation of expert witnesses[19] is **DENIED**.

The parties may have until December 3, 2012, to conduct expert discovery related to Double Tap's expert designations.

**IT IS SO ORDERED.**

DATED this 19th day of September, 2012.

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge

---

[18] *See* docket no. 61.

[19] *See* docket no. 67.