IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| HORNADY MANUFACTURING COMPANY, a Nebraska Corporation,<br><br>    Plaintiff,<br><br><br>        vs.<br><br><br>DOUBLETAP AMMUNITION, INC., a Utah Corporation,<br><br>    Defendant. | MEMORANDUM DECISION AND ORDER ON PENDING MOTIONS<br><br><br><br>Case No. 2:11-CV-18 TS |

This matter is before the Court on Plaintiff Hornady Manufacturing's ("Hornady") Motion for Partial Summary Judgment on Defendant's First, Second, and Fourth Affirmative Defenses.[1]  Also before the Court is Defendant DoubleTap Ammunition, Inc.'s ("Doubletap") Motion to Continue Plaintiff's Motion for Partial Summary Judgment on Defendant's First, Second, and Fourth Affirmative Defenses.[2]  For the reasons discussed more fully below, the

---

[1]Docket No. 71.

[2]Docket No. 80.

Court will grant in part and deny in part Hornady's Motion for Summary Judgment and deny Doubletap's Motion to Continue.

## I.  BACKGROUND

Both Doubletap and Hornady sell high-end ammunition for various types of firearms.  In 1997, Hornady began using the TAP trademark in connection with ammunition, and has registered its TAP marks with the Patent and Trademark Office.

In 2010, Hornady sent a cease and desist letter to Doubletap alleging that Doubletap's use of "tap" in its name was infringing Hornady's TAP trademark.  In January 2011, Hornady filed this action against Doubletap for trademark infringement, deceptive trade practice, and unjust enrichment.  In its Answer, Doubletap included, among others, the following affirmative defenses: detrimental reliance, laches, and equitable estoppel.

Doubletap previously sought summary judgment on its affirmative defense of laches.  In ruling on that motion, the Court found that there existed disputed issues of material fact regarding when Hornady was put on notice of Doubletap's use of the allegedly infringing mark.[3] As a result of this finding, the Court denied Doubletap's motion for summary judgment on its laches claim.

Hornady now moves for summary judgment on Doubletap's affirmative defenses based on its assertion that Doubletap cannot prove that it has been prejudiced by Hornady's alleged delay in filing suit.  Hornady concedes, for purposes of its Motion, that it was on notice of Doubletap's use of the allegedly infringing mark in 2006.

_____

[3]*See* Docket No. 41, at 9.

## II.  STANDARD OF REVIEW

Summary judgment is proper if the moving party can demonstrate that there is no genuine dispute as to any material fact and it is entitled to judgment as a matter of law.[4]  In considering whether a genuine dispute of material fact exists, the Court determines whether a reasonable jury could return a verdict for the nonmoving party in the face of all the evidence presented.[5]  The Court is required to construe all facts and reasonable inferences in the light most favorable to the nonmoving party.[6]

## III.  DISCUSSION

### A.    LACHES

"In order to prove the affirmative defense of laches, the defendant must demonstrate that there has been an unreasonable delay in asserting the claim and that the defendant was materially prejudiced by that delay."[7]  Because Hornady "has conceded, for purposes of this motion only, that the Court may assume Hornady delayed in enforcing its trademark rights," this Motion turns solely on whether Doubletap has suffered material prejudice as a result of Hornady's delay.[8]

---

[4]Fed. R. Civ. P. 56(a).

[5]*See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *Clifton v. Craig*, 924 F.2d 182, 183 (10th Cir. 1991).

[6]*See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Wright v. Sw. Bell Tel. Co.*, 925 F.2d 1288, 1292 (10th Cir. 1991).

[7]*Hutchinson v. Pfeil*, 105 F.3d 562, 564 (10th Cir. 1997).

[8]Docket No. 88, at 3.

In moving for summary judgment, Hornady focuses on the deposition testimony of Doubletap's President, Mike McNett.  Mr. McNett testified that $306,196 of the $315,000 in marketing write-offs included in Doubletap's tax returns were expended after Hornady sent a cease and desist letter in 2010.  According to Hornady, this admission forecloses Doubletap from establishing material prejudice resulting from Hornady's delay.  Hornady's approach to the material prejudice is unduly narrow.

Here, Doubletap has provided evidence from which a fact finder may reach a finding of material prejudice.  Such evidence includes the time and resources expended from 2002 to 2010 to develop Doubletap's business and goodwill, increase Doubletap's product offerings from 4 to 400, and to grow Doubletap's customer base.  Doubletap also asserts that it has suffered prejudice from Hornady's delay because Hornady is now unable to locate witnesses and documents critical to Doubletap's defenses.

These evidences, in combination with an extended period of delay, create a triable issue of fact as to substantial prejudice.[9]  Therefore, viewing the evidence in the light most favorable to Doubletap, the Court finds that summary judgment is inappropriate on Doubletap's Second Affirmative Defense of laches.

In addition, disputed issues of fact exist preventing the Court from reaching a finding that Hornady's delay was excusable.  While Hornady concedes for purposes of this Motion that it was on notice of the alleged infringement by at least 2006, Hornady asserts, as a separate grounds for

---

[9]*See Centric Corp. v. Trs. of the Centennial State Carpenters Pension Trust Fund (In re Centric Corp.)*, 901 F.2d 1514, 1520 (10th Cir. 1990) (internal citations omitted) (holding that "[w]hen the plaintiff's conduct is unjustified, the defendant's need to show prejudice eases").

4

summary judgment on Doubletap's laches defense, that its delay was excusable.  As was noted in the Court's prior order, evidence has been provided from which a jury could find that Hornady was on notice of the alleged infringement as early as 2003.[10]  "[D]elay of over six years has generally been found inexcusable."[11]  Therefore, Hornady's arguments as to inexcusable delay are unavailing at this stage of the litigation.

B.     EQUITABLE ESTOPPEL

Hornady seeks summary judgment on Doubletap's Fourth Affirmative Defense of equitable estoppel because Doubletap "cannot show an injury resulting from Hornady's alleged failure to act."[12]  Hornady's argument on this affirmative defense is premised on the same assertion addressed previously—that Doubletap cannot demonstrate harm resulting from Hornady's delay because the majority of funds expended on marketing occurred after Hornady's cease and desist letter.  For the same reasons provided above, the Court finds that there are triable issues of fact as to injury.  Thus, summary judgment is inappropriate on Doubletap's equitable estoppel affirmative defense.

---

[10]*See* Docket No. 41, at 9.

[11]*Gen. Motors Co. v. Urban Gorilla, LLC*, 2010 WL 5395065, at *20 (D. Utah Dec. 27, 2010) (citing *Santana Prods., Inc. v. Bobrick Washroom Equip. Inc*., 401 F.3d 123 (3d Cir. 2005) (false advertising claim was barred by laches where suit was filed after six-year statute of limitations);  *Wis. Cheese Group, Inc. v. V & V Supremo Foods, Inc.*, 537 F. Supp. 2d 994 (W.D. Wis. 2008) (fourteen-year delay in taking legal action was not excused by doctrine of progressive encroachment)).

[12]Docket No. 73, at 9.

C.      DETRIMENTAL RELIANCE

Hornady asserts that summary judgment is appropriate on Doubletap's First Affirmative

Defense of detrimental reliance because detrimental reliance is typically an element of an

affirmative defense, rather than a stand alone defense.[13]  Doubletap contends that detrimental

reliance may be brought as a stand alone affirmative defense.  Other courts that have considered

this issue have found that "detrimental reliance" is not a recognized cause of action.[14]  Further, in

the only case cited by Doubletap, *Vastoler v. American Can Co.*,[15] the Third Circuit dealt with

detrimental reliance merely as an element of promissory estoppel.[16]  Therefore, the Court will

dismiss Doubletap's detrimental reliance affirmative defense as a matter of law.

D.      MOTION TO CONTINUE

In the event the Court is inclined to grant Hornady's Motion for Summary Judgment,

Doubletap requests that consideration of Hornady's Motion be continued to allow Doubletap an

opportunity to discover information it alleges is essential to its opposition.  Because the Court

---

[13]*See Vasey v. Martin Marietta Corp.*, 29 F.3d 1460, 1466 (10th Cir. 1994); *Nunley v. Westates Casing Servs., Inc.*, 989 P.2d 1077, 1088 (Utah 1999).

[14]*See PayoutOne v. Coral Mortg. Bankers*, 602 F. Supp. 2d 1219, 1226–27 (D. Colo. 2009) (dismissing "detrimental reliance" claim for failure to state a viable claim under Federal Rule of Civil Procedure 12(b)(6)).

[15]700 F.2d 916 (3d Cir. 1983).

[16]*Id.* at 919–20.

finds that additional discovery is not necessary for resolution of Hornady's Motion,[17] the Court

will deny Doubletap's Motion to Continue.

### IV.  CONCLUSION

Based on the foregoing, it is hereby

ORDERED that Hornady's Motion for Partial Summary Judgment on Defendant's First,

Second, and Fourth Affirmative Defenses (Docket No. 71) is GRANTED IN PART AND

DENIED IN PART.  It is further

ORDERED that Doubletap's Motion to Continue Plaintiff's Motion for Partial Summary

Judgment on Defendant's First, Second, and Fourth Affirmative Defenses (Docket No. 80) is

DENIED.  The hearing currently scheduled in this matter for December 17, 2012, at 3:00 pm, is

hereby STRICKEN.

DATED   December 5, 2012.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[17]*See* Docket No. 92.