IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| HORNADY MANUFACTURING COMPANY, a Nebraska Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>DOUBLETAP AMMUNITION, INC., a Utah Corporation,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER DENYING MOTION TO DISMISS AND GRANTING IN PART AND DENYING IN PART MOTION TO AMEND<br><br><br><br>Case No. 2:11-CV-18 TS |

This matter is before the Court on Defendant Doubletap Ammunition, Inc.'s ("Doubletap") Motion to Dismiss and Plaintiff Hornady Manufacturing Company's ("Hornady") Motion to Amend Caption and Identify Defendant by its Correct Legal Name. For the reasons discussed more fully below, the Court will deny Doubletap's Motion to Dismiss and grant in part and deny in part Hornady's Motion to Amend.

1

I.  BACKGROUND

Both Doubletap and Hornady sell high-end ammunition for various types of firearms.  In 1997, Hornady began using the TAP trademark in connection with ammunition.  Hornady has registered its TAP marks with the Patent and Trademark office.  In 2010, Hornady sent a cease and desist letter to Doubletap alleging that Doubletap's use of "tap" in its name was infringing Hornady's TAP trademark.  In January 2011, Hornady filed this action against Doubletap for trademark infringement, deceptive trade practice, and unjust enrichment.

In the caption to its Complaint, Hornady named Doubletap as "Double Tap Ammunition, Inc., a Utah corporation."[1]  Doubletap, in its Answer, stated that "there is no such legal entity named Double Tap Ammunition, Inc." and indicated that "Doubletap, Inc. is a Utah corporation operating in Cedar City, Utah, but denies that Doubletap, Inc. has been correctly named as a defendant."[2]

Doubletap's correct legal name, as listed with the Division of Corporations and Commercial Code for the State of Utah, is "DOUBLETAP, INC."[3]  The Division of Corporations and Commercial Code also lists "Double Tap, Inc." as a former name for Doubletap.[4]  During the

---

[1] Docket No. 2, at 1.

[2] Docket No. 6, at 2.

[3] Docket No. 181 Ex. A, at 1.

[4] *See id.*

course of litigation the parties have referred to Doubletap as "DoubleTap Ammunition, Inc.," "Double Tap, Inc.," "Double Tap Ammunition, Inc.," and "Doubletap, Inc."[5]

Doubletap moves to dismiss Hornady's Complaint because Doubletap's proper corporate name is not included in the caption of the Complaint. Hornady opposes Doubletap's Motion and requests that the Court grant it leave to remedy its failure to properly name Doubletap by amending the caption to its Pretrial Order to contain Doubletap's correct legal name.

## II.  STANDARD OF REVIEW

"A motion for judgment on the pleadings under Rule 12(c) is treated as a motion to dismiss under Rule 12(b)(6)."[6] In considering a motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6), all well-pleaded factual allegations, as distinguished from conclusory allegations, are accepted as true and viewed in the light most favorable plaintiff as the nonmoving party.[7] Plaintiff must provide "enough facts to state a claim to relief that is plausible on its face,"[8] which requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."[9] "A pleading that offers 'labels and conclusions' or a

---

[5] Docket No. 175, at 7.

[6] *Atl. Richfield Co. v. Farm Credit Bank of Wichita*, 226 F.3d 1138, 1160 (10th Cir. 2000) (citing *Mock v. T.G. & Y. Stores Co.*, 971 F.2d 522, 528 (10th Cir. 1992)).

[7] *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

[8] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007).

[9] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

'formulaic recitation of the elements of a cause of action will not do.'  Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[10]

"The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."[11]  As the Court in *Iqbal* stated,

> only a complaint that states a plausible claim for relief survives a motion to dismiss.  Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.  But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief.[12]

## III.  DISCUSSION

As a threshold issue, both parties raise the specter of untimeliness as grounds for denying the opposing sides motion.  Hornady argues that Doubletap's Motion to Dismiss is untimely because it was filed on January 16, 2013, and the dispositive motion deadline in this case was December 13, 2012.  Doubletap, in turn, asserts that Hornady's Motion to Amend is also untimely under the scheduling order.

The Federal Rules of Civil Procedure provide guidance on the time-frame within which a motion to amend and motion to dismiss must be filed.  Rule 15 provides for the amendment of a plaintiff's complaint in advance of trial, during trial, and in some cases, even after a judgment

---

[10] *Id*. (quoting *Twombly*, 550 U.S. at 557) (alteration in original).

[11] *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).

[12] *Iqbal*, 556 U.S. at 678–79 (alteration in original) (internal quotation marks and citations omitted).

has been entered.[13]  Rule 12(c) provides that a motion for judgment on the pleadings may be raised "[a]fter the pleadings are closed[,] but early enough not to delay trial."  Rule 12(h)(2)(C) further instructs that a "[f]ailure to state a claim upon which relief can be granted . . . may be raised . . . at trial."  Thus, it is clear that the parties' motion are authorized under the federal rules.

The delay issue arises from the parties' failure to abide by the terms of the scheduling order in place in this case.  Federal Rule of Civil Procedure 16(b) provides for the imposition of a scheduling order limiting the time to "amend the pleadings, complete discovery, and file motions."  The parties do not dispute that each of their motions were filed in violation of the scheduling order.  Rule 16(f) provides that the Court, on its own motion, "may issue any just orders, including those authorized under Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney . . . fails to obey a scheduling or other particular order."

It is somewhat difficult for the Court to square the parties' arguments on delay.  Both parties were aware during the early stages of this case that the proper party had not been named.  Yet neither acted on this understanding until more than two years had passed.  During the intervening time period, the resources of the Court and the parties have been expended in an attempt to reach a resolution of this case on the merits.  In short, the Court finds that the delay in this case comes as a result of the parties' tactical procedural maneuvering and deliberate oversight.  Such actions are not condoned by the Court.  That being said, the Court will decline to strike the parties' motions on untimeliness grounds.  The Court will therefore turn to the merits of the parties' motions.

---

[13] *See* Fed. R. Civ. P. 15(a)-(b).

Doubletap asserts that this case must be dismissed as a matter of law because Hornady has sued a non-existent company. Hornady contends that dismissal is improper because this is merely a "misnomer" case and, in any event, Doubletap has not been prejudiced because it has appeared and litigated the case on the merits. On this basis, Hornady moves the Court to allow it to amend its caption to include Doubletap's proper corporate name.

The Tenth Circuit has previously recognized that "[c]orrections of misnomers are permitted under Rule 15(c)."[14] A misnomer situation is one where "the plaintiff actually sued and served the correct party, the party he intended to sue, but mistakenly used the wrong name of defendant."[15] It is important in such a case that the defendant "had notice of the suit within the statutory period and was not prejudiced by a technical change in the style of the action."[16] In other words, a misnomer case must still meet the requirements of Rule 15(c). The Tenth Circuit has made clear that

> essentially three elements must be met before Rule 15(c) relation back will be allowed, even when the result could be extinguishment of the claim: (1) same transaction or occurrence; (2) the new party had notice of the action, prior to the expiration of the statute of limitations; and (3) he knew or should have known that but for a mistake in identity the action would have been brought against him.[17]

Here, these elements are easily met. Whether asserted against Double Tap Ammunition, Inc., or Doubletap, Inc., this suit involves the same occurrence—the alleged infringement of

---

[14]*Graves v. Gen. Ins. Corp.*, 412 F.2d 583, 584 (10th Cir. 1969) (internal citations omitted).

[15]*Id.* at 585.

[16]*Id.*

[17]*Watson v. Unipress, Inc.*, 733 F.2d 1386, 1390 (10th Cir. 1984).

Hornady's TAP mark.  Doubletap has been on notice of the claims against it since the inception of the case and, indeed, has appeared and defended in this matter as if properly sued.  Thus, Doubletap knew, or should have known, that but for a mistake in identity the action would have been brought against it.  For the same reasons, the Court finds that Doubletap will not suffer any prejudice by being properly named in this suit.

Based on the foregoing, the Court finds that Hornady's failure to name the proper party in its Complaint resulted from a misnomer and Hornady meets all the elements necessary for amendment and relation back under rule 15(c).  It follows that justice requires that Hornady be granted leave to amend.[18]  Therefore, the Court will deny Doubletap's Motion to Dismiss and grant Hornady's Motion to Amend.

As a final matter, Doubletap properly notes that Hornady seeks leave to amend the caption in this matter to include "Double Tap, Inc." as a party.  This is not Doubletap's proper legal name.  In a misguided effort to support its trademark infringement claims, Hornady has insisted throughout the course of this litigation to refer to Doubletap as "Double Tap," thereby providing more emphasis on the "tap" section of Doubletap's name—the section of Doubletap's name for which Hornady has obtained a trade mark.  There does not appear to be any legitimate dispute that Doubletap's proper name is "Doubletap, Inc."  Thus, to the extent Hornady wishes to proceed against Doubletap, it must amend its Complaint to include that name, and that name only.

---

[18] *See Graves*, 412 F.2d at 586.

## IV.  CONCLUSION

Based on the foregoing, it is hereby

ORDERED that Doubletap's Motion to Dismiss (Docket No. 151) is DENIED.  It is further

ORDERED that Hornady's Motion to Amend Caption and Identify Defendant by its Correct Legal Name (Docket No. 176) is GRANTED IN PART AND DENIED IN PART. Hornady is instructed to file an amended complaint that reflects only the changes authorized above within seven (7) days of this Order.

DATED   April 15, 2013.

BY THE COURT:

_____
TED STEWART
United States District Judge