IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| HORNADY MANUFACTURING COMPANY, a Nebraska Corporation,<br><br>    Plaintiff,<br><br><br><br>    vs.<br><br><br>DOUBLETAP AMMUNITION, INC., a Utah Corporation,<br><br>    Defendant. | MEMORANDUM DECISION AND ORDER DENYING WITHOUT PREJUDICE DEFENDANT'S SECOND MOTION IN LIMINE<br><br><br><br><br>Case No. 2:11-CV-18 TS |

This matter is before the Court on Defendant's Second Motion in Limine.[1]  Defendant moves the Court in limine to preclude Plaintiff from referencing or otherwise relying on any evidence of Plaintiff's "TAP Mark Family" at trial.

Defendant cites as grounds for its requested relief Federal Rules of Evidence 402 and 403.

Federal Rule of Evidence 401 defines relevant evidence as evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the

---

[1]Docket No. 150.

evidence.  Federal Rule of Evidence 402 bars the introduction of any evidence that is not relevant.[2]

Rule 403 excludes otherwise relevant evidence

if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

Defendant first argues that evidence of Plaintiff's TAP Mark Family is irrelevant because it has no bearing on the existence or infringement of Plaintiff's TAP mark—U.S. TM Reg. No. 2,259,161 (the "TAP mark").  The Court is not persuaded.  "The bar for admission under Rule 401 is very low.  This is because the degree of materiality and probativity necessary for evidence to be relevant is minimal and must only provide a fact-finder with a basis for making some inference, or chain of inferences."[3]  Here, for example, evidence of the TAP Mark Family could provide the fact-finder with evidence to support an inference that a consumer in the marketplace would be confused as to what entity produces "Doubletap" products.

Next, Defendant argues that the Tap Mark Family's probative value is substantially outweighed by a danger of unfair prejudice.  Defendant argues that evidence of any other registered or unregistered TAP marks would only serve to mislead the jury from the central issue of whether the TAP mark has been infringed and that the introduction of other marks into evidence would also result in a waste of judicial time and resources.  While some prejudice is

[2]*Koch v. Koch Indus., Inc*., 203 F.3d 1202, 1227 (10th Cir. 2000) (internal quotation marks and citations omitted).

[3]*United States v. Jordan*, 485 F.3d 1214, 1218 (10th Cir. 2007) (internal quotations and citations omitted).

2

sure to result from the admission of evidence of the TAP Mark Family, the Court is not persuaded that this prejudice substantially outweighs the probative value of the marks.  Further, any such prejudice can be ameliorated by the Court's instructions to the jury.

Defendant seeks to buttress its prejudice argument with its assertion that Plaintiff "has only just raised the specter of such marks—long after fact and expert discovery has closed, the dispositive motion phase is in full swing, and trial is just around the corner."[4]  In its opposition, Plaintiff provides at least some evidence that the TAP Mark Family was properly disclosed during the discovery period and, in its reply, Defendant appears to retreat from its position that the other TAP marks were not disclosed.

On this last point, the Court would note that Defendant raises multiple arguments for the first time in its improperly filed reply memorandum.[5]  The Court will decline to consider arguments raised for the first time in a reply memorandum.[6]  The Court will, however, allow Defendant to file a properly supported motion in limine raising any issues argued in its reply but not addressed in this order.  Defendant may also re-raise its Rule 402 or 403 objections with regard to specific TAP Family Mark evidence at trial.

---

[4]Docket No. 150, at 8.

[5]The Court's trial order, available on the Court's website and also found at Docket No. 249, makes clear that motions in limine are limited to three pages in length.  Further, the trial order does not provide for the filing of a reply to a motion in limine.

[6]*See Pickering v. USX Corp.*, 758 F. Supp. 1460, 1461 n.2 (D. Utah 1990).

It is therefore

ORDERED that Defendant's Second Motion in Limine (Docket No. 150) is DENIED WITHOUT PREJUDICE.

DATED   April 15, 2013.

BY THE COURT:

_____
TED STEWART
United States District Judge