IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| HORNADY MANUFACTURING COMPANY, INC., a Nebraska Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>DOUBLETAP, INC., a Utah Corporation,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER DENYING WITHOUT PREJUDICE DEFENDANT'S THIRD MOTION IN LIMINE<br><br><br><br>Case No. 2:11-CV-18 TS |

This matter is before the Court on Defendant's Third Motion in Limine.[1] Defendant moves in limine to preclude Plaintiff from referencing or relying on the following evidence: (1) a letter received by Plaintiff from the Scott County Sheriff's Office (the "Sheriff's letter"); (2) a letter sent by Plaintiff in reply to the Sheriff's letter; and (3) any evidence of calls received by Plaintiff from customers regarding Defendant or Defendant's products.

Defendant argues that the letters to and from the Scott County Sheriff's office and evidence of phone calls are inadmissible because they lack proper authentication. Federal Rule

---

[1]Docket No. 155.

1

of Evidence 901 "requires the identification or authentication of a document before it may be admitted into evidence. A proponent of the evidence will sufficiently identify or authenticate a document by presenting evidence that the proffered document is what its proponent claims it is."[2]

Turning first to the phone calls Plaintiff received from customers regarding Defendant or Defendant's products. Defendant's authenticity argument as to this evidence misses the mark. The cases on which Defendant relies involve factual patterns distinct from that before the Court. A representative case is *United States v. Hyatt*.[3] That case involved a witness's statement as to incriminating telephone calls she claimed to have received from an individual named "Jimmy." Beyond the alleged telephone calls, the witness had never met nor talked with Jimmy. The *Hyatt* court found that the proponent had not met the authentication requirements of Rule 901 and reasoned that: "[t]he difficulty for appellant's claim is that the statement was apparently being introduced to prove more than the receipt of a telephone call; it was being used to identify a particular 'Jimmy.'"[4]

In this case, Plaintiff seeks to admit the testimony of one of its employees, attesting that she received multiple phone calls inquiring as to whether Defendant's ammunition was produced by Plaintiff.[5] Plaintiff does not attempt to identify any one caller; rather, the phone calls are

---

[2] *Coats State Bank v. Grey (In re Grey)*, 902 F.2d 1479, 1481–82 (10th Cir. 1990) (citing *Fortier v. Dona Anna Plaza Partners*, 747 F.2d 1324, 1332 (10th Cir. 1984)).

[3] 565 F.2d 229 (2d Cir. 1977).

[4] *Id*. at 232.

[5] The Court notes that it will not address Defendant's Rule 26(a)(1) disclosures here, as those arguments are the subject of a separate motion in limine. *See* Docket No. 207.

offered to demonstrate the general confused state of mind of Plaintiff's consumers.  In *Jordache Enterprises., Inc. v. Hogg Wyld, Ltd*,[6] the Tenth Circuit addressed the admission of similar customer inquiries and found them to be admissible for the purpose of demonstrating the state of mind of the callers.[7]  Based on that precedent, the Court finds that the phone calls are sufficiently authenticated and will admit them for that purpose.

The Sheriff's letter and reply present a more difficult question.  Plaintiff does not appear to intend to call a witness to attest to the Sheriff's letter or reply's authenticity.[8]  However, Plaintiff argues that the record in this case supports an inference that the Sheriff's letter and reply are what they purport to be.  Plaintiff indicates that Defendant's own internal emails, produced after Plaintiff disclosed the Sheriff's letter, demonstrate that Defendant provided the Scott County Sheriff's Office with ammunition to evaluate immediately prior to Plaintiff's receiving the Sheriff's letter.

To further complicate this issue, Defendant has come forward with an affidavit from the author of the Sheriff's letter, Sheriff Cody Carpenter.[9]  In that affidavit, Sheriff Carpenter attests that he drafted the Sheriff's letter to be sent to Defendant, but that it was inadvertently sent to Plaintiff.  Sheriff Carpenter's affidavit decisively authenticates the Sheriff's letter.

---

[6] 828 F.2d 1482 (10th Cir. 1987).

[7] *See id*. at 1487.

[8] *See* Fed. R. Evid. 901(b)(1).

[9] *See* Docket No. 213 Ex. 1.

As the record currently stands, the Court finds that there is sufficient information to authenticate the Sheriff's letter and reply. However, it is unclear at this stage what information and witnesses will be admitted at trial. The Court will therefore reserve a final ruling on this issue until trial.

Defendant also argues that the Sheriff's letter, reply, and evidence of phone calls are inadmissible hearsay. A hearsay statement is one that a "declarant does not make while testifying at the current trial or hearing" and that "a party offers in evidence to prove the truth of the matter asserted."[10] Each article of evidence at issue relates to a form of customer inquiry. Other courts that have considered the admissibility of customer inquiries in this context have reached different results.[11] In *Jordache Enterprises*, the Tenth Circuit considered this issue and held that such evidence was admissible under the "then existing state of mind" exception found in Rule 803(3).[12] The Court finds *Jordache Enterprises* to be directly on point and, as such, concludes that the evidence is admissible.

---

[10] Fed. R. Evid. 801(c).

[11] *See Armco, Inc. v. Armco Burglar Alarm Co.*, 693 F.2d 1155, 1160 n.10 (5th Cir. 1982) (testimony was not hearsay because it was not offered to establish the truth of the matter asserted, but even if it was hearsay, it would be admissible to show an existing state of mind); *Vitek Sys., Inc. v. Abbott Labs.*, 675 F.2d 190, 193 (8th Cir. 1982) (testimony was inadmissible hearsay entitled to little weight).

[12] *Jordache Enters.*, 828 F.2d at 1487.

It is therefore

ORDERED that Defendant's Third Motion in Limine (Docket No. 155) is DENIED WITHOUT PREJUDICE.  Pursuant to the terms of this Order, Defendant may re-raise its authentication issues depending upon the witnesses and evidence that are submitted at trial.

DATED   April 16, 2013.

BY THE COURT:

_____
TED STEWART
United States District Judge