IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| HORNADY MANUFACTURING COMPANY, INC., a Nebraska Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>DOUBLETAP, INC., a Utah Corporation,<br><br>Defendant. | ORDER DENYING WITHOUT PREJUDICE DEFENDANT'S FOURTH MOTION IN LIMINE<br><br><br><br>Case No. 2:11-CV-18 TS |

     This matter is before the Court on Defendant's Fourth Motion in Limine.[1]  Defendant moves in limine to preclude Plaintiff from referring to Defendant by anything other than its correct and legal name, Doubletap, Inc., or for short, Doubletap.

     In its Memorandum Decision and Order Denying Defendant's Motion to Dismiss, the Court addressed the very concern raised by Defendant.  The Court noted that: "In a misguided effort to support its trademark infringement claims, Hornady has insisted throughout the course of this litigation to refer to Doubletap as 'Double Tap,' thereby providing more emphasis on the

---

[1] Docket No. 156.

1

'tap' section of Doubletap's name—the section of Doubletap's name for which Hornady has obtained a trade mark."[2]

In its opposition to this Motion, Plaintiff concedes that "Defendant's legal entity name will not be a disputed fact at trial."[3] Nevertheless, Plaintiff asserts that it should be allowed to admit evidence of Defendant's use of its Doubletap trade mark in commerce, including uses that include a space between "Double" and "tap," and the inclusion of the word ammunition. The Court will allow such evidences to the extent they represent product packaging and other evidence of Defendant's actual use of the "tap" mark.

That being said, the Court warns Plaintiff against engaging in any future tactics that could be read as supporting its trademark infringement claims by improperly naming the Defendant. As such, the Court will allow Defendant to re-raise this objection to specific statements or evidence Plaintiff seeks to admit at trial. It is therefore

ORDERED that Defendant's Fourth Motion in Limine (Docket No. 156) is DENIED WITHOUT PREJUDICE.

DATED   April 16, 2013.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[2] Docket No. 256, at 7.

[3] Docket No. 192, at 2.

2