IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| HORNADY MANUFACTURING COMPANY, INC., a Nebraska Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>DOUBLETAP, INC., a Utah Corporation,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S FIFTH MOTION IN LIMINE<br><br><br><br>Case No. 2:11-CV-18 TS |

This matter is before the Court on Defendant's Fifth Motion in Limine.[1] For the reasons discussed more fully below, the Court will grant in part and deny in part Defendant's Motion.

I.  INTRODUCTION

Defendant moves in limine to prevent Plaintiff from calling at trial, or otherwise relying on the testimony of, any witnesses omitted from Plaintiff's Federal Rule of Civil Procedure 26(a)(1) disclosures.  Defendant's Motion deals in particular with Ms. Kathy McHale and Mr.

---

[1]Docket No. 207.

1

Jason Hornady—two potential witnesses for the Plaintiff who submitted declarations in connection with the currently pending cross motions for summary judgment.

## II.  DISCUSSION

Federal Rule of Civil Procedure 26(a)(1)(A)(i) provides that a party must provide to the other parties "the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses."  Pursuant to Rule 26(e) these initial disclosures must be supplemented "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been make known to the other parties during the discovery process or in writing."

Federal Rule of Civil Procedure 37(c)(1) provides that where a party "fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."

A.   JASON HORNADY

Turning first to Mr. Hornady, Plaintiff appears to concede that Mr. Hornady was not properly disclosed and that the failure was not justified or harmless.  In its opposition, Plaintiff mounts no defense for Mr. Hornady beyond the conclusory statement that "[Mr. Hornady's testimony is completely duplicative of Neil Davies' testimony, who was disclosed in [Plaintiff's]

initial disclosures."[2] Plaintiff cites no authority for the proposition that testimony that is duplicative of that given by a disclosed witness should be allowed from an undisclosed witness, and this Court is unwilling to set such a precedent. The Court will therefore grant Defendant's Motion as to Mr. Hornady.

B.      KATHY McHALE

With regards Ms. McHale, the issue is much closer. The parties do not dispute that Ms. McHale is a witness subject to the requirements of Rule 26(a)(1)(A)(i). Thus, this issue turns on (1) whether Plaintiff adequately complied with the requirements of Rule 26(a) and (e) by providing Defendant sufficient notice, in a timely manner, as to Ms. McHale's name, contact information, and the subject matter of discoverable information she might provide and, if not, (2) whether such failure was substantially justified or harmless.

The first notice Defendant received as to Ms. McHale's name was provided on the last day of discovery. At that time, Plaintiff provided Defendant with a two-line internal email Ms. McHale sent to Neil Davies. The body of that email states: "Neil, I have gotten some phone calls in the past asking if we made Double Tap Ammunition. I explained to the customers that our ammunition is TAP, not Double TAP and that I didn't know what that was."[3] The email also contained a standard signature block, containing Ms. McHale's name, title, phone, and fax information. Plaintiff did not draw any special attention to the email beyond including it in its final document production.

---

[2] Docket No. 219, at 2 n.1.

[3] *See* Docket No. 228 Ex. 3.

Subsequently, in March 2012, Plaintiff produced to Defendant a letter it had received from a customer, and Ms. McHale's response to that letter. In June and July of 2012, Plaintiff's damages experts produced reports in which they both referenced the letter and the response drafted by Ms. McHale.

On December 13, 2012, Plaintiff filed a motion for summary judgment. In support of its motion, Plaintiff filed a declaration from Ms. McHale. According to Ms. McHale's declaration, she has "worked for [Plaintiff] for 13 years as a law enforcement sales associate . . . [and] handle[s] all aspects of communication and sales with law enforcement agencies and distributors."[4] Ms. McHale declared that: "In or around 2009-2010, [she] received approximately half a dozen calls from law enforcement officers and agencies asking whether [Plaintiff] makes [Defendant's] ammunition or whether [Doubletap] is one of [Plaintiff's] brands."[5] Ms. McHale also indicated that "[i]n March 2012, [she] received a letter from the Scott County Sherriff's [sic] Office in Arizona," that she subsequently responded to.[6] Ms. McHale's declaration included copies of both letters as exhibits.[7]

On February 27, 2013, Plaintiff sought to supplement its initial disclosures to include Ms. McHale as a witness likely to have discoverable information that it may use to support its claims.

---

[4]*Id*.

[5]*Id.*

[6]*Id.* The letter in question is actually from the Scott County Sheriff's Office in Arkansas.

[7]*See* Docket No. 137 Ex. 7.

Plaintiff argues that it met the requirements of Rule 26(e) because Ms. McHale was otherwise made known to Defendant during the discovery process. In so arguing, Defendant relies on the disclosure of the internal email from Ms. McHale to Mr. Davies and the subsequent disclosure of the letter Plaintiff received from the Scott County Sheriff's Office and Ms. McHale's response. Under Plaintiff's theory, its disclosure obligations were met because Defendant should have known that Ms. McHale would have discoverable information based on its production of its internal email and the Scott County letters.

Plaintiff's reading of the rules eviscerates the requirements of Rule 26(a) and (e). "The aim of Rule 26(a)(1) . . . is to identify at the outset those persons that may have any information relevant to the case in order to allow for a complete investigation by all parties, thus allowing parties to depose, interview, or subpoena documents of such individuals during the period of time set aside for discovery."[8]

Here, it is undisputed that Ms. McHale was in the Plaintiff's employ at the time this case was filed. Further, Ms. McHale attests that she received phone calls demonstrating customer confusion during the 2009 to 2010 time frame. As such, Ms. McHale was an individual with information relevant to the case and Defendant should have been given an opportunity to conduct discovery regarding her involvement during the discovery period. A single email, disclosed in and amongst other discovery materials on the last day of discovery, is insufficient to put Defendant on notice of Ms. McHale's identity and the subject matter of discoverable information

---

[8]*Quesenberry v. Volvo Grp. N. Am., Inc.*, 267 F.R.D. 475, 480 (W.D. Va. 2010).

she might provide.  For this reason, the Court finds that Plaintiff failed to properly supplement, in a timely manner, its initial disclosures to include Ms. McHale.

Because Plaintiff failed to identify a witness as required by Rule 26(a) and (e), Plaintiff is not allowed to use that witness to supply evidence in this case unless the failure was substantially justified or is harmless.[9]  The following factors guide the Court in determining whether Plaintiff's late disclosure was substantially justified or harmless: "(1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness."[10]

Plaintiff asserts that Defendant will not be prejudiced by Ms. McHale's testimony because it will "make Ms. McHale available for deposition in Salt Lake City on virtually any day that will work for [Defendant's] counsel."[11]  Defendant contends that "in view of the mountain of work left to be performed prior to trial, and the numerous motions pending before the Court, it seems unlikely that the instant Motion will be resolved prior to trial.  As such, Ms. McHale's last minute deposition would disrupt trial."[12]  The trial is scheduled to commence in approximately one month.  Thus, there is sufficient time for Defendant to depose and conduct discovery as to Ms. McHale.  Therefore, any prejudice that Defendant has suffered as a result of the late

---

[9] *See* Fed. R. Civ. P. 37(c)(1).

[10] *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999).

[11] Docket No. 219, at 13.

[12] Docket No. 228, at 11.

disclosure is easily cured.  Further, the Court would note that, given the focus on Ms. McHale's response letter in the deposition of the parties' expert witnesses and the production of the internal email, it is unlikely that Defendant was unduly surprised by Ms. McHale's late disclosure.

Next, the Court finds that introducing Ms. McHale's testimony will not disrupt the trial currently scheduled.  The evidence to which Ms. McHale is likely to testify was submitted to the Court on summary judgment and the parties have filed various motions regarding that evidence's admissibility.  Finally, the Court finds that Plaintiff did not act in bad faith in failing to disclose Ms. McHale.  While Ms. McHale attests that she received phone calls from customers demonstrating confusion during the 2009 to 2010 time frame, Plaintiff asserts that it did not become aware of that fact until near the close of discovery.  Plaintiff's lack of diligence in ascertaining those employees who have discoverable information may be described as willful, but, the Court does not believe that Plaintiff acted in bad faith.

After weighing the foregoing factors, the Court finds that Plaintiff's failure to properly disclose Ms. McHale was harmless.  As such, the Court will allow Ms. McHale to testify at trial and will consider her declaration in its review of the parties' cross motions for summary judgment.

## III.  CONCLUSION

Based on the foregoing, it is hereby

ORDERED that Defendant's Fifth Motion in Limine (Docket No. 207) is GRANTED IN PART AND DENIED IN PART.  Pursuant to the terms of this Order, Plaintiff shall make Ms. McHale available to Defendant for deposition in Salt Lake City.

DATED   April 18, 2013.

                                      BY THE COURT:

                                      _____
                                      TED STEWART
                                      United States District Judge